RECEIVED
FEB 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO EDWARDS, Petitioner | CIVIL ACTION NO. 1:15-CV-02555; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| M. D. CARVAJAL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Petitioner Antonio Edwards (#53149-037) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 21, 2015, and amended petition on February 8, 2016. (Docs. 1, 12). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. At the time of filing, Petitioner was incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner claims that he was denied due process with respect to a disciplinary conviction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Petitioner was convicted of a disciplinary violation for bribing a staff member. (Doc. 12, p. 4). According to the "Discipline Hearing Officer Report," on March 14, 2015, as a staff member approached Petitioner's cell, he noticed a letter in the window

that was addressed, "check this out." (Doc. 12, p. 4). Petitioner motioned for the staff member to retrieve the letter, stating, "This is for you." (Doc. 12, p. 4). The staff member took the letter and returned to his office. The letter offered the staff member money if he would bring in pornographic magazines for Petitioner to sell. The letter went on to describe the types of magazines that Petitioner wanted and how Petitioner expected to sell the magazines to other inmates. (Doc. 12, p. 4). The letter instructed the staff member to give Petitioner a "thumbs up" sign if he was agreeable to the arrangement. (Doc. 12, p. 4).

The staff member's initial incident report was "sent back for a re-write" to correct some errors. (Doc. 12, p. 5). The original report is dated March 14, 2015, but states that it was delivered to Petitioner on March 14, 2014. (Doc. 1, p. 11). The rewritten report is dated April 25, 2015, and states that it was delivered to Petitioner on April 25, 2015. Petitioner claims that another copy of the rewritten report was forged. (Doc. 1, p. 13).

According to the "Discipline Hearing Officer Report," Petitioner confirmed receipt of the incident report, declined a staff representative, waived calling any witnesses, and presented no documentary evidence. (Doc. 12, p. 4).

2

## Law and Analysis

Petitioner complains that he was deprived of due process because of the date error and signature forgery on his incident report. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Accordingly, a prisoner is entitled to only the following: (1) written notice of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity "to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) "a written statement by the factfinders of the evidence relied on and the reasons for the disciplinary action." Id. at 563–70; see also Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009). In addition, there must be "some evidence" in the record to support the disciplinary decision. Morgan, 570 F.3d at 668.

Even if a prisoner establishes that he was denied the procedural protections guaranteed by Wolff, he must further establish that he was prejudiced by the constitutional violation in order to obtain habeas relief. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) (upholding denial of habeas relief where insufficient notice of disciplinary charge was provided because inmate failed to demonstrate prejudice); see also Brown v. Collins, 937 F.2d 175, 182 (5th Cir. 1991) ("Before we

3

will issue the Great Writ, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation.").

Petitioner received the rewritten notice of the disciplinary charge on April 25, 2015. The hearing was not conducted until May 13, 2015. (Doc. 12, p. 4). Thus, Plaintiff received notice at least 24 hours prior to the disciplinary hearing, as required by Wolff.

To the extent that Petitioner complains that the notice did not comply with federal regulations, his claim fails. Federal regulations provide that an inmate will *ordinarily* receive the incident report within 24 hours of staff becoming aware of the inmate's involvement in the incident. 28 C.F.R. § 541.5. In this case, the hearing officer's report states that the original report had been returned to the reporting officer for a re-write, but the officer was on leave at the time. (Doc. 12, p. 4). Once the officer returned to duty, the report was rewritten, and Petitioner was provided a copy. The 24-hour time frame is not mandatory under the regulations. Even if the officer had violated Bureau of Prison regulations, the United States Court of Appeals for the Fifth Circuit has repeatedly held that "[a] prison official's failure to follow prison procedural rules does not, without more, give rise to a constitutional violation." Davis v. Lithicum, 574 Fed. App'x 379, 380 (5th Cir. 2014); see also Morris v. Livingston, 739 F.3d 740, 751 (5th Cir. 2014); Williams v. Stephens, 547 Fed. App'x 599, 600 (5th

4

Cir. 2013); Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009). In this case, the notice required by the Constitution was satisfied.

Next, the law provides that a prisoner will generally have the opportunity to call witnesses and present documentary evidence in his defense. Petitioner was afforded that opportunity at his disciplinary hearing on May 20, 2015. (Doc. 12, p. 4). Petitioner did not request witnesses and provided no documentary evidence.

Finally, Petitioner received a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. (Doc. 12, p. 4-5).

Petitioner's allegation that an officer's signature was forged on the incident report is conclusory and speculative. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than providing the court with labels and conclusions. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Moreover, even if the signature on the incident report was invalid, the due process requirements of the Constitution were otherwise met. Finally, the fact that the initial incident report had the date of incident typewritten as 2015 and handwritten as 2014 does not vitiate due process.

It is evident from the petition and exhibits that Petitioner received all the process to which he was due. Therefore, **IT IS RECOMMENDED** that the § 2241 petition be **DENIED AND DISMISSED WITH PREJUDICE**.

5

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of February, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge